jar

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL LEE AVAZPOUR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-4151-JAR |
| ) | |
| **SIGN & PICTORIAL PAINTERS LOCAL** ) | |
| **NO. 820 OPEN END HEALTH AND** ) | |
| **WELFARE TRUST FUND, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS**

Plaintiff Daniel Lee Avazpour filed this action claiming that defendants wrongfully attempted to avoid paying health and disability insurance benefits due him under an ERISA covered plan. Plaintiff's counsel was allowed to withdraw from representing plaintiff in this case, in part because plaintiff would not communicate with counsel. Since counsel withdrew in December 2004, plaintiff has repeatedly failed to respond to correspondence, discovery requests, a subpoena to appear at his deposition, and the Court's repeated attempts to schedule another status conference. Because of plaintiff's persistent failure to prosecute this action, the Court grants defendants' motion to dismiss this case with prejudice (Doc.29), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

Plaintiff filed this action on December 6, 2002 in the United States District Court for the Western District of Missouri. Defendants filed their Answers on August 13, 2003; on that same date defendants

1

filed a motion to transfer the case to this district and The Honorable Howard F. Sachs entered an Order (Doc. 13) granting the motion to transfer.

On August 19, 2003, the Honorable K. Gary Sebelius, entered an order setting a telephone conference. On September 24, 2003, Judge Sebelius entered a Scheduling Order setting deadlines, including: a discovery deadline of March 23, 2004; a dispositive motion deadline of May 7, 2004; a Pretrial Order deadline of April 7, 2004; and a trial date of January 24, 2005.  In November 2003, plaintiff filed a Notice of Service of Rule 26(a) disclosures and a Notice of Service of plaintiff's designation of expert witnesses.

In an order entered on March 5, 2004, Judge Sebelius granted the parties' joint motion to stay proceedings in this case until September 1, 2004, to permit further administrative review of plaintiff's claim.  Judge Sebelius later entered an order extending the stay to February 18, 2005, and ordering the parties to submit a written status report by February 9, 2005.

On December 6, 2004, plaintiff's attorney of record, Eldon Shields filed a motion to withdraw, which this Court granted on December 6, 2004.  Mr. Shields' motion stated that plaintiff had not paid him for legal services rendered since 2002, and had failed to respond to an October 29, 2004 letter giving plaintiff notice that his balance due exceeded $10,000.  In this October 29, 2004 letter, Mr. Shields warned plaintiff that "...you are responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and for the dates of any pending trial, hearing or conference.  Mr. Shields' motion further stated that plaintiff had failed to communicate with Mr. Shields at all, since on or before October 29, 2004 letter, hampering Mr. Shields' ability to prepare for a scheduled

2

arbitration hearing[1] and to represent plaintiff in this action. Mr. Shields' served plaintiff with a copy of his motion to withdraw by certified mail; and plaintiff has never filed a response to Mr. Shields' motion.

**FAILURE TO PROSECUTE**

Since the Court granted Mr. Shields' motion to withdraw in early December 2004, plaintiff, acting *pro se*, has filed no pleading, nor otherwise communicated with the Court.[2] Plaintiff has failed to respond to requests for written discovery and failed to appear for a scheduled deposition and ignored Judge Sebelius's repeated attempts to schedule a status conference. Defendants had subpoenaed plaintiff for a deposition on December 21. After receiving notice that Mr. Shields had withdrawn, defendants made several attempts to contact plaintiff, by phone and by a December 14 letter sent via FedEx to plaintiff's home address. Finally on December 17, plaintiff contacted defendants' lawyer to advise that he would not appear at the December 21 deposition. Plaintiff did not explain why he would not appear.

On January 5, 2005, defendants sent a letter to Judge Sebelius, which they copied to plaintiff at his home address, providing Judge Sebelius with a status report and requesting an immediate status conference, rather than waiting for the conference scheduled for February 16. Judge Sebelius agreed to arrange a status conference, and requested that defendants' counsel contact plaintiff to schedule it. Defendants' counsel was unable to contact plaintiff, despite telephoning plaintiff three times between January 24 and 31. On February 1, defendants' counsel sent plaintiff a letter by Federal Express asking him to cooperate in scheduling a status conference, and warning plaintiff that continued unresponsiveness

---

[1] The arbitration hearing was scheduled for January 11-12, 2005.

[2] On December 20, 2004, at plaintiff's request, defendants' counsel sent plaintiff information, via email, on how to contact the Court.

3

would result in defendants moving to dismiss the case for failure to prosecute. Federal Express confirmed that this letter was delivered to plaintiff. But plaintiff never responded to this February 1 letter. Because of plaintiff's failure to respond, Judge Sebelius advised defendants that the February 16 status conference would not occur as scheduled.

Attached to defendants' motion to dismiss is an affidavit of their counsel, Adam Walker. In the affidavit, Mr. Walker states that he spoke with Judge Sebelius's law clerk, Dustin Slinkard, on two occasions in late January or early February and that Mr. Slinkard advised that he had sent mailings and left phone messages for plaintiff, but never received a response. And, sometime the week of March 21, 2005, Mr. Slinkard advised Mr. Walker that plaintiff still had not responded to any phone messages or mailings from Judge Sebelius.

From December 2004 through March 2005, plaintiff failed to respond to written discovery requests, failed to appear at his deposition and failed to respond to repeated attempts by defendants' counsel and Judge Sebelius to set status conferences.   In the process, Plaintiff has breached the Court's September 3, 2004 stay order; the subpoena issued from this Court commanding Plaintiff's attendance at a deposition; and Federal Rules of Civil Procedure 16(f), 30, and 33.  To date, plaintiff has still not responded to defendants' pleadings, discovery requests, or communications from the Court or defendants' counsel.  Plaintiff's counsel was allowed to withdraw from representing plaintiff in December 2004, because plaintiff was not communicating with counsel either.

On April 5, 2005, defendants filed a Motion to Dismiss for Lack of Prosecution or for an Order Requiring Plaintiff to Show Cause.  This motion was served on plaintiff at his home address by certified mail.   To date, plaintiff has not filed a response.

**DISCUSSION**

Federal R. Civ. P. 41(b) states that "failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court" is grounds for dismissal with prejudice. Factors that the Court must consider before granting a motion for involuntary dismissal include: (1) the length or number of Plaintiff's delays; (2) Plaintiff's culpability for the failure to prosecute; (3) whether Plaintiff was aware that dismissal was a likely sanction for his failure to prosecute; (4) the amount of prejudice to the opposing parties; and (5) whether a lesser sanction would be equally effective.[3]

These factors weigh in favor of dismissal with prejudice. The record demonstrates that plaintiff has repeatedly failed to respond to communications, from his former attorney, defendants' attorney and the Court. Plaintiff has, through sheer failure to respond, caused delays in discovery beyond the discovery deadline, obstructed the setting of a status conference and caused defendants' counsel to expend time and effort attempting to reschedule a status conference, to no avail.

By failing to appear at a status conference scheduled for February 16, and by ignoring repeated attempts by the Court to reschedule the conference, plaintiff has subjected himself to sanctions under Fed. R. Civ. P. 16(f). His inaction has not only set back the course of the instant litigation and impeded the judicial process, but is preventing defendants from obtaining final resolution of this matter. And, plaintiff cannot blame counsel for failure to prosecute; plaintiff's counsel withdrew after plaintiff's failure to communicate with his counsel hampered counsel's efforts to prosecute this case.

---

[3]*See Jones v. Thompson,* 996 F.2d 261, 265 (10th Cir. 1993)(dismissal appropriate when plaintiffs repeatedly ignored court orders and hindered court's management of its docket). See *also Williamson v. Owners Resort & Exchange*, 90 Fed. Appdx. 342, 345 (10th Cir. 2004)(dismissing case for failure to prosecute where plaintiff repeatedly failed to attend pretrial hearings or conferences).

Plaintiff's failure to respond is not justified by his lack of notice; defendants have served him by certified mail on one occasion, and received confirmation of delivery by Federal Express on another occasion. All of these communications and pleadings, including those with confirmed delivery to plaintiff, were served on plaintiff at the same address.[4] Moreover, plaintiff has acknowledged his receipt of at least some communications sent to this address; on one of the few occasions that plaintiff responded to a phone message or letter, he contacted defendants' counsel by email and asked for information about how to contact the Court. Defendants' counsel provided plaintiff with such information; plaintiff has made no effort to contact the Court, however.

The record also demonstrates that plaintiff was warned about the potential consequences of his failure to respond to communications, pleadings and subpoenaes; defendants' letter of February 1, warned plaintiff that if he did not respond, defendants would file a motion to dismiss. And, defendants' motion to dismiss, filed on April 5, 2005 and served on plaintiff at the same address referenced above, clearly asked for dismissal with prejudice, or alternatively for an order to show cause why the case should not be dismissed with prejudice.

While the Court must consider the possibility of some sanction other than dismissal "so that the party does not unknowingly lose its right of access to the courts because of a technical violation,"[5] the Court concludes that no lesser sanction would be effective. Plaintiff is representing himself, yet refuses to participate in discovery, scheduling conferences, arbitration, and fails to proactively prosecute his claims. Defendants cannot proceed with discovery, arbitration, or any other aspect of the case without Plaintiff's

---

[4] 97 Green Street G2, Brooklyn, NY 11222

[5] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n.3 (10th Cir. 1992).

participation. Moreover, the types of lesser sanctions contemplated in Fed. R. Civ. P. 37(b)(2)(A) and (B) – such as deeming certain claims or defenses established, or prohibiting submission of evidence regarding certain issues have no utility with this plaintiff who is making no attempt to prosecute his claims.

Because it appears that plaintiff has abandoned all efforts to prosecute this lawsuit, first by failing to communicate with his attorney, then by failing to participate in discovery, failing to appear for his deposition, and by failing to respond to numerous communications from the Court and defendants' counsel, the Court dismisses this case with prejudice, pursuant to Fed. R. Civ. P. 41(b).

**IT IS ORDERED** that the motion to dismiss (Doc. 29) is GRANTED.

**IT IS FURTHER ORDERED** that this case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated this  24th  day of May, 2005 at Topeka, Kansas.

    S/ Julie A. Robinson
    JULIE A. ROBINSON
    United States District Judge